### LUDINS v. METROPOLITAN LIFE INS. CO.

#### (Supreme Court, Appellate Term. May 27, 1909.)

1. APPEAL AND ERROR (§ 1052*)—RECEPTION OF EVIDENCE—CURING ERROR.
   The erroneous admission of a conversation with a physician may be cured by the admission of subsequent evidence without objection.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

2. TRIAL (§ 194*)—INSTRUCTIONS—UNDISPUTED EVIDENCE.
   A request to charge on "undisputed evidence" was properly refused, where it would have made certain hearsay evidence contained in an unproven hospital record the final test in the case, and would have practically removed all questions of fact from the jury.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 452, 453; Dec. Dig. § 194.*]

3. TRIAL (§ 295*)—REQUEST TO CHARGE—MISUNDERSTANDING OF JUDGE.
   Where a verdict was based on a fair charge on the whole case, it will not be set aside because of the court's refusal to grant a request, which, though possibly correct, the court's remarks showed he had misunderstood.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

Appeal from City Court of New York, Trial Term.

Action by Leo Ludins against the Metropolitan Life Insurance Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Ritch, Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for appellant.

Henry L. Slobodin, for respondent.

LEHMAN, J. The defendant herein has had a fair trial, and the verdict of the jury is not against the weight of evidence. The errors in the admission of testimony which defendant relies on are not serious enough to justify a reversal. Most of the hypothetical questions

were properly allowed. They were put on cross-examination to test the credibility of the witness upon his statement that cancer must exist at least four months before death. They do not assume that these facts exist in this case. Where the questions were inadmissible, the answers were of such nature as to make the error entirely immaterial. The one serious error in the admission of a conversation with the physician was rendered immaterial by the subsequent questions allowed without objection.

The charge was fair, and, on the whole, favorable to the defendant. The trial justice properly refused to charge as requested on the "undisputed evidence" of the case. Such a charge would have made the hearsay evidence contained in the so-called history of the case in an unproven hospital record the final test in this case, and practically removed all questions of fact from the jury. The final request to charge was possibly correct, and should have been granted. The trial judge. however, clearly showed by his remarks that he misunderstood the request to charge. Under such circumstances, we should not reverse the verdict made upon a charge as fair on the whole as the charge under consideration.

The judgment should be affirmed, with costs. All concur.